IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Jacob S. Sturgell, Sr., | ) | Case No. 1:25-cv-06906-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Kindle K. Johnson, Christopher Runyan, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's Amended Complaint and the Report and Recommendation ("Report") of the Magistrate Judge. [Docs. 9; 15.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

On July 9, 2025, the Clerk docketed Plaintiff's Complaint in this action brought pursuant to 42 U.S.C. § 1983. [Doc. 1.] On August 5, 2025, the Magistrate Judge issued a Report recommending that the Court dismiss the case without prejudice and without leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. [Doc. 15.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 7.] On August 20, 2025, the Clerk docketed Plaintiff's objections to the Report. [Doc. 17; *see also* Doc. 20.]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).

The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. §636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

Regarding Defendant Johnson, the Report concludes that a private attorney—even one appointed by the court—does not constitute a state actor for purposes of liability under §1983. [*Id.* at 4–5.] Moreover, the Report concludes that Defendant Runyan is entitled to absolute prosecutorial immunity for his alleged "failure to conduct a preliminary hearing and for proceeding without a preliminary hearing." [*Id.* at 6.]

In his objections to the Report, Plaintiff cites several cases purporting to rebut the Magistrate Judge's conclusions. [Doc. 17.] The Court overrules Plaintiff's objections. Regarding Plaintiff's objections as to Defendant Johnson, *Haines v. Kerner* does not address §1983's state action requirement. 404 U.S. 519 (1972). Moreover, the Eighth Circuit's conclusion in *Dodson v. Polk County*, 628 F.2d 1104 (8th Cir. 1980), was reversed by the United States Supreme Court. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Finally, *White v. Galvin* concerns a legal malpractice action, not an action under §1983, and in any case, that court's conclusion does not favor Plaintiff. 524 N.E.2d 802 (In. Ct.

App. 1988); *see id.* at 804 (finding defendant-defense attorney was not a state employee for purposes of the Tort Claims Act).

Regarding Plaintiff's objections as to Defendant Runyan, Plaintiff states that "[t]he actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor."  [Doc. 17 at 2 (internal quotation marks omitted).]  To this end, Plaintiff argues Defendant Runyan's alleged failure to conduct a preliminary hearing is "an investigative and administrative task . . . not reaching to [the] extent of absolute immunity." [*Id.*]  The Court disagrees and concludes that Defendant Runyan's alleged actions were prosecutorial in nature.  *See Scott v. Hern*, 216 F.3d 897, 909 (10th Cir. 2000) (finding assistant county attorney absolutely immune from suit concerning actions taken preparing affidavit submitted in support of involuntary civil commitment petition and investigating subject's mental status).  Moreover, to the extent Defendant Runyan's failures may be characterized as administrative, "a prosecutor enjoys absolute immunity even when doing an administrative act if the act is done in the performance of an advocacy function." *Warney v. Monroe Cnty.,* 587 F.3d 113, 124 (2d Cir. 2009); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009) ("[T]he types of activities on which [the plaintiff's] claims focus necessarily require legal knowledge and the exercise of related discretion. . . .").

The Court has conducted a de novo review of the Report, the record, and the applicable law.  Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference.  Accordingly, this action is DISMISSED without prejudice.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

November 25, 2025
Greenville, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and

4 of the Federal Rules of Appellate Procedure.